# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBREN A. PIERCE,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG KOENIG, Warden,<br><br>    Respondent. | Case No. EDCV 19-1875-SVW (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY |

On September 30, 2019, Sebren A. Pierce ("Petitioner") filed a document titled "Rule 60(d)(3), Motion, [Pursuant to: Federal Rules of Civil Procedure, Rule 60(d)(3)]," which the Court construes as a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition"). (See Petition at 1-10 (challenging Petitioner's April 28, 2008 criminal conviction).)[1]

## PRIOR PROCEEDINGS

On April 28, 2008, after a jury trial in San Bernardino County Superior Court Case No. FSB18868, Petitioner was convicted of nine counts of committing a lewd act upon a child (Cal. Penal Code § 288(a)) and one count of committing sexual penetration by foreign object of a

---

[1] The Court refers to the pages of the Petition in consecutive order.

child under the age of 14 (Cal. Penal Code § 289(j)) (the "State Court Conviction"). (Report and Recommendation of United States Magistrate Judge, filed April 10, 2013, in Pierce v. Lopez, Case No. EDCV 11-0641-GAF (JEM) ("R&R") at 2).[2] The trial court sentenced Petitioner to a determinate term of 50 years plus an indeterminate term of 750 years to life in state prison. (R&R at 2.)

On April 22, 2011, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this Court, Pierce v. Lopez, Case No. EDCV 11-0641-GAF (JEM) (the "First Petition"), challenging his State Court Conviction. (R&R at 1-2.) On April 10, 2013, the Magistrate Judge issued the R&R, recommending that the First Petition be dismissed with prejudice on the merits. (Id. at 47.) On May 28, 2013, the Court accepted the R&R, entered judgment dismissing the First Petition with prejudice, and denied a certificate of appealability. (See Pierce v. Lopez, Case No. EDCV 11-0641-GAF (JEM) (Docket Nos. 37-39).)

On December 16, 2013, Petitioner filed a second federal habeas petition in this Court, Pierce v. Gipson, Case No. EDCV 13-2311-GAF (JEM) ("Second Petition"), also challenging his State Court Conviction. (Order Summarily Dismissing Petition for Lack of Jurisdiction and Denying a Certificate of Appealability, filed March 17, 2014, in Pierce v. Gipson, Case No. EDCV 13-2311-GAF (JEM), at 1-2).[3] On March 17, 2014, judgment was entered dismissing the Second Petition without prejudice as a second or successive petition. (Id. at 3-5).

On November 25, 2014, Petitioner filed a third federal habeas petition in this Court, Pierce v. Davey, Case No. EDCV 14-2437-MMM (JEM) ("Third Petition"), again challenging his State Court Conviction. (Order Summarily Dismissing Petition for Lack of Jurisdiction and

---

[2] The Court takes judicial notice of the files and records in Pierce v. Lopez, Case No. EDCV 11-0641-GAF (JEM). See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); accord United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

[3] The Court takes judicial notice of the files and records in Pierce v. Gipson, Case No. EDCV 13-2311-GAF (JEM). See Wilson, 631 F.2d at 119; accord Howard, 381 F.3d at 876 n.1.

Denying a Certificate of Appealability, filed January 14, 2015, in Pierce v. Davey, Case No. EDCV 14-2437-MMM (JEM) at 1-3).[4] On March 17, 2014, judgment was entered dismissing the Third Petition without prejudice as a second or successive petition. (Id. at 4-5.)

On September 30, 2019, Petitioner filed the instant Petition, in which he again challenges his State Court Conviction. (See Petition at 1-10.)

## DISCUSSION

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2. The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

### I. THE PETITION IS SUBJECT TO SUMMARY DISMISSAL AS A SECOND OR SUCCESSIVE PETITION

The Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

---

[4] The Court takes judicial notice of the files and records in Pierce v. Davey, Case No. EDCV 14-2437-MMM (JEM). See Wilson, 631 F.2d at 119; accord Howard, 381 F.3d at 876 n.1.

3

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

The Petition challenges the validity of Petitioner's State Court Conviction and, therefore, it is a second or successive petition. "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." Magwood v. Patterson, 561 U.S. 320, 330-31 (2010). There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition.[5] "When the AEDPA is in play, the district court may not, in the absence of proper

---

[5] Ninth Circuit Rule 22-3(a) provides that "if an application for authorization to file a second or successive section 2254 petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Rule 22-3(a) also permits the district court to refer a second or successive 2254 petition to the Ninth Circuit in the interests of justice. In this case, there is no indication that the instant Petition is actually an application for authorization to file a second or successive petition that was mistakenly filed here, and the Court declines to construe it as such. The Court also does not find that it is in the interests of justice to refer the Petition to the Ninth Circuit under Rule 22-3(a) because the Petition is patently frivolous, it is Petitioner's third successive habeas petition, and he has been advised previously of the requirement to seek the

authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotation marks and citation omitted); accord Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam). Because the Petition is a "second or successive" petition, the Court cannot consider it on the merits. See Magwood, 561 U.S. at 331 ("if [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals[]"); accord Burton, 549 U.S. at 152. Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if he obtains permission to file a successive petition.[6]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice as an unauthorized second or successive petition. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

///
///
///
///
///

---

Ninth Circuit's permission prior to filing another habeas petition challenging his State Court Conviction. If Petitioner seeks authorization to file a successive habeas petition, he should submit his application directly to the Ninth Circuit Court of Appeals in compliance with Ninth Circuit Rule 22-3.

[6] If Petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If Petitioner files a new petition, the Court will give it a new case number.

5

## ORDER

IT IS HEREBY ORDERED that: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: 10/17/19

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE